IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Cynthia Kelly, on behalf of herself and all other similarly situated individuals,<br><br>       Plaintiff,<br><br>  vs.<br><br>The Hershey Company,<br><br>       Defendant. | Case No.:  8:23-cv-02977<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Cynthia Kelly (referred herein as "Plaintiff"), by and through her undersigned counsel, upon personal knowledge as to herself and upon information and belief as to all other matters, allege as follows:

1. Plaintiff brings this action against defendant The Hershey Company (referred to herein as "Hershey" or "Defendant"), on behalf of herself and all other similarly situated individuals who purchased a Reese's Peanut Butter product based on false and deceptive advertising.

2. Said Reese's Peanut Butter products include the following products: Reese's Peanut Butter Pumpkins, Reese's White Pumpkins, Reese's Pieces Pumpkins, Reese's Peanut Butter Ghost, Reese's White Ghost, Reese's Peanut Butter Bats, Reese's Peanut Butter footBalls, and Reese's Peanut Butter Shapes Assortment Snowmen Stockings Bells (the "Products").

1

**FACTUAL ALLEGATIONS**

3. This is a class action against Hershey for falsely representing several Reese's Peanut Butter products as containing explicit carved out artistic designs when there are no such carvings in the actual products.

4. For example, Reese's Pieces Pumpkins are pictured on the product label as containing carved out eyes and a mouth as follows:



5. However, the actual Reese's Peanut Butter Pumpkins product contains no carvings for the eyes and mouth and looks as follows:



6. Reese's White Ghost are pictured on the product label as containing carved out eyes and a mouth:



7. However, the actual Reese's White Ghost product contains no carvings for the eyes and mouth and looks as follows:



8. Reese's Peanut Butter Bats are pictured on the product label as containing carved out eyes:



9. However, the actual Reese's Peanut Butter Bats product contains no carving for the eyes and looks as follows:



4

10. Reese's Peanut Butter footBalls are pictured on the product label as containing carved out laces:



11. However, the actual Reese's Peanut Butter footBalls product contains no carving for the laces and looks as follows:



12. Hershey's labels for the Products are materially misleading and numerous consumers have been tricked and misled by the pictures on the Products' packaging.

5

13.     For example, in a YouTube video titled "Reese's Halloween Candy LIED To Me!", the product reviewer was angry after he discovered that the Reese's Peanut Butter Pumpkins did not contain the carved out eyes and mouth as shown on the packaging. *See* https://www.youtube.com/shorts/WbEdIgAoj9w.

14.     Another YouTube reviewer, in a video titled "Reese's Best Halloween Candy", stated that "we got lied to" after discovering that the detailed eyes of the Reese's White Ghost on the product packaging was missing from the actual product. *See* https://youtu.be/r2g8uGI_AaE?t=141.

15.     In a YouTube video titled "Reese's Drops First 2023 Halloween Candy … BUT FAILS!", the Reese's White Ghost product was reviewed and the reviewer stated that "this is a trick, this is not a treat….come on now Hershey's…there's no eyes, there's no mouth, there's no nose….[like the detailed face that] they promised on the packaging…." https://www.youtube.com/shorts/M-kt4h2_gj4.

16.     Another YouTube reviewer was "flabbergasted" and stated "Reese's what are you doing! Look at the picture on the packet. It's like a pumpkin with faces and a little mouth -- then you open up the packet and you are presented with that monstrosity." https://youtu.be/CvIZ-C24Hs0?t=253. *See also* https://youtu.be/Dd0jtqorFes?t=45 (a consumer stating "awe man, I thought it would have a face on it, its just a chocolate blob. That's a little disappointing."); https://youtu.be/xIF9mHil5QI?t=28 (a consumer stating "they are showing faces [on the packaging] with mouths and eyes and of course, they did not do that, they are just plain chocolate....so that is just another example of somewhat misleading advertising and being cheap….").

17. Numerous other consumers, as evidenced by the following linked YouTube videos, complained that the Products did not look like the picture on the packaging:

https://www.youtube.com/shorts/xh8mf8ZTScs;
https://www.youtube.com/shorts/wgnmALOKrLg;
https://www.youtube.com/shorts/Ql0-lYUWCp0;
https://www.youtube.com/watch?v=TikkzAA64VQ;
https://youtu.be/CY1mhlEl7Ls?t=42.

18. Even a long-time purchaser of the Reese's White Pumpkins and Reese's Peanut Butter Pumpkins, stated that "it is kind of deceptive because on the front of the package they make it look like there is a little face cut into them, a jack-o-lantern face, and that is not the case. I have bought these, like a said, for years now and they do not have a face cut into them….I just don't think they should do that. If you are going to show a face, put a face on it." https://youtu.be/icCTmmec-pk?t=249.

19. The packaging for the Reese's Products were not always deceptive and misleading.

20. In order to boost sales and revenues of the Products, Hershey's changed the packaging for the Products to include the detailed carvings within the last two to three years.

21. For example, previous packaging for the Reese's Peanut Butter Pumpkins looked as follows prior to the change:



7

22. Moreover, previous packaging for the Reese's Peanut Butter Bats looked as follows prior to the change:



23. Previous packaging for the Reese's White Ghost also looked as follows prior to the change:



**PLAINTIFF'S ALLEGATIONS**

24. In late October of 2023, while shopping at an Aldi's grocery store, located in Hillsborough County, Florida, Plaintiff viewed the Reese's Peanut Butter Pumpkins displayed near

8

the checkout registers and believed that the product contained a cute looking carving of a pumpkin's mouth and eyes as pictured on the product packaging.

25. Relying on the picture on the product packaging, Plaintiff purchased a bag of Reese's Peanut Butter Pumpkins for approximately $4.49.

26. However, the Reese's Peanut Butter Pumpkins product that Plaintiff purchased did not contain any of the artistic carvings of the mouth or eyes as pictured on the label.

27. The picture on the packaging of the Reese's Peanut Butter Pumpkins product that Plaintiff purchased when compared to the actual product that she received looked as follows:



28. Plaintiff would not have purchased the Reese's Peanut Butter Pumpkins product if she knew that it did not have the detailed carvings of the mouth and/or eyes as pictured on the product label.

9

## THE PARTIES

29. Plaintiff is an individual consumer over the age of eighteen (18), who resides in Hillsborough County, Florida.

30. Defendant, The Hershey Company, a Delaware Corporation, is one of the largest chocolate manufacturers in the world and maintains its principal executive offices in Hershey, Pennsylvania, which at all times material hereto was registered and conducting business in Florida, maintained agents for the customary transaction of business in Florida, and conducted substantial and not isolated business activity within this state.

31. Hershey manufactures Reese's Peanut Butter products, including the Products at issue in this action.

32. The advertising and labeling for the Products at issue in this case were prepared and/or approved by Hershey and its agents, and were disseminated by Hershey and its agents through advertising and labeling containing the misrepresentations alleged herein.

33. The advertising for the Products was designed to encourage consumers to purchase the Products and reasonably misled reasonable consumers, including Plaintiff and the Class into purchasing the Products. Hershey markets and distributes the Products, and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive advertising and statements about the Products.

34. Plaintiff alleges that, at all times relevant herein, Hershey and its subsidiaries, affiliates, and other related entities and suppliers, as well as their respective employees, were the agents, servants and employees of Hershey and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

35. In addition, Plaintiff alleges that, in committing the wrongful acts alleged herein, Hershey, in concert with its subsidiaries, affiliates, and/or other related entities and suppliers, and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of untrue, misleading, deceptive, and/or fraudulent representations, and that Hershey participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

36. Whenever reference in this Class Action Complaint is made to any act by Hershey or its subsidiaries, affiliates, distributors, retailers and other related entities and suppliers, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Hershey committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Hershey while actively engaged in the scope of their duties.

## JURISDICTION AND VENUE

37. This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of the State of Florida and Defendant is a citizen of the State of Delaware and is headquartered with its principal place of business in the state of Pennsylvania. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

38. This Court also has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and certain members of the proposed class are citizens of states different from the state in which Defendant is a citizen.

39. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Also, Defendant has used the laws within, and has done substantial business in, this judicial district in that it has promoted, marketed, distributed, and sold the products at issue in this judicial district. Finally, there is personal jurisdiction over Defendant in this judicial district.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant for violations of FDUTPA:

> All consumers within the State of Florida who purchased one of Products, as detailed herein, within the statute of limitations period, including any tolling period (the "Class" and "Class Period"). Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

41. Plaintiff reserves the right to amend the definition of the Class if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

42. Plaintiff reserves the right to establish sub-classes as appropriate.

43. There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

44. The members of the Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiff believes that the Class includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

45. Plaintiff's claims are typical of the claims of the members of the Class whom she seeks to represent because Plaintiff and each member of the Class has been subjected to the same deceptive and improper practices by Defendant and have been damaged in the same manner.

46. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff has no interests that are adverse to those of the members of the Class that she seeks to represent. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

47. A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

   a. The expense and burden of individual litigation would not be economically feasible for members of the Class to seek to redress their claims other than through the procedure of a class action.

   b. If separate actions were brought by individual members of the Class, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

   c. Absent a class action, Defendant likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

48. Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

49. The common questions of fact include, but are not limited to, the following:

   a. Whether the practice by Defendant of selling falsely advertised products violate the Florida Deceptive and Unfair Trade Practices Act;

   b. Whether Defendant engaged in unlawful, unfair, misleading, and/or deceptive business acts or practices; and

   c. Whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

50. In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to members of the Class on a mandatory, class-wide basis.

51. Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT 1
### Violation of Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*

52. Plaintiff brings this claim on behalf of herself, and the members of the proposed Class.

53. Plaintiff and the members of the Class are "consumers" within the meaning of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat.§ 501.203(7).

54. Defendant is engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8).

55. FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce...." Fla. Stat. § 501.204(1).

56. Defendant participated in unfair and deceptive trade practices that violated the FDUTPA as described herein.

57. Defendant's Products are goods within the meaning of FDUTPA.

58. Defendant's unfair and deceptive practices are likely to mislead— and have misled—reasonable consumers, such as Plaintiff and members of the Class, and therefore, violate § 500.04.

59. Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

60. Specifically, Defendant marketed and advertised the Products in a deceptive, false and misleading manner by using photographs of the Products that are materially inaccurate.

61. Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Class.

62. Plaintiff and numerous other customers purchased the Products based on Defendant's false and misleading representations.

63. Plaintiff and numerous other customers purchased the Products after viewing and relying on the alleged pictures of the Products as contained on the Products' packaging.

64. Plaintiff and the members of the Class have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they purchased the Products with the

reasonable expectation that the Products would look similar to the pictures displayed on the Products' packaging.

65. Reasonable consumers rely on Defendant to honestly market and label the Products in a way that does not deceive reasonable consumers.

66. Defendant has deceived reasonable consumers, like Plaintiff and the members of the Class, into believing the Products were something that they were not.

67. Plaintiff and the members of the Class suffered damages amounting to, at a minimum, the price that they paid for the Products.

68. The damages suffered by Plaintiff and the members of the Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant.

69. Pursuant to § 501.211(2) and § 501.2105, Plaintiff and the members of the Class are entitled to damages, attorney's fees and costs.

## RELIEF REQUESTED

70. Accordingly, Plaintiff, on behalf of herself and the members of the Class, seek judgment as follows:

1. Certifying the Class as requested herein, certifying Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class;

2. Ordering that Defendant is financially responsible for notifying all members of the Class of the alleged misrepresentations and omissions set forth herein;

3. Awarding Plaintiff and the members of the Class compensatory damages in an amount according to proof at trial;

4. Ordering Defendant to correct the deceptive behavior;

5. Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

6. Directing such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury as to all matters so triable.

Dated: December 28, 2023

/s/ Anthony J. Russo
Anthony J. Russo, Esq.
Anthony J. Russo, Jr., P.A.
d/b/a The Russo Firm
301 West Atlantic Avenue, Suite O-2
Delray Beach, FL 33444
T: 844-847-8300
E: anthony@therussofirm.com

*Counsel for plaintiff
and the proposed class*